

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-29-T-35 MAP
   46 U.S.C. § 70506(a) and (b)
ALVARO JAVIER ESCOBAR CASTILLO,  46 U.S.C. § 70503(a)
MAXIMO GONZALEZ CLEMENTE, and
HUMBERTO CARLOS ASENCIO MIRANDA

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

**(Conspiracy to Possess with Intent to Distribute
Five Kilograms or More of Cocaine)**

Beginning on an unknown date and continuing through on or about January 2, 2017, while aboard a vessel subject to the jurisdiction of the United States, the defendants,

ALVARO JAVIER ESCOBAR CASTILLO,
MAXIMO GONZALEZ CLEMENTE, and
HUMBERTO CARLOS ASENCIO MIRANDA

each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly conspire with each other and with other persons unknown to the Grand Jury, to possess with the intent to distribute and

to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

**(Possession with Intent to Distribute Five Kilograms or More of Cocaine)**

Beginning on an unknown date and continuing through on or about January 2, 2017, while aboard a vessel subject to the jurisdiction of the United States, the defendants,

> ALVARO JAVIER ESCOBAR CASTILLO,
> MAXIMO GONZALEZ CLEMENTE, and
> HUMBERTO CARLOS ASENCIO MIRANDA

each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly and intentionally, while aiding and abetting each other and other persons known and unknown to the Grand Jury, possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

## **FORFEITURES**

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2. Upon their conviction of any of the violations alleged in Counts One and Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

    ALVARO JAVIER ESCOBAR CASTILLO,
    MAXIMO GONZALEZ CLEMENTE, and
    HUMBERTO CARLOS ASENCIO MIRANDA

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

    ALVARO JAVIER ESCOBAR CASTILLO,
    MAXIMO GONZALEZ CLEMENTE, and
    HUMBERTO CARLOS ASENCIO MIRANDA

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a

result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Narcotics Section

FORM OBD-34
APR 1991

No. _____

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ALVARO JAVIER ESCOBAR CASTILLO,
MAXIMO GONZALEZ CLEMENTE, and
HUMBERTO CARLOS ASENCIO MIRANDA

INDICTMENT

Violations:

Title 46, United States Code, Section 70506(a) and (b)
Title 46, United States Code, Section 70503(a)

A true bill,

_____
Foreperson

Filed in open court this 25th day

of January 2017.

_____
Clerk

Bail $ _____